IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JUANITA V. PERKINS : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 09-1520 |
| BELTWAY CAPITAL, LLC ET AL. : | |

**SURRICK, J.**                                                                                                                                                         **FEBRUARY  24 , 2011**

## **MEMORANDUM**

Presently before the Court is Plaintiff's Motion to Remand. (ECF No. 10.) For the following reasons, Plaintiff's Motion will be granted.

**I.    BACKGROUND**

Plaintiff Juanita Perkins owns a home on South 13th Street in Philadelphia. In May 2006, Plaintiff applied for a loan with Defendant Assured Lending, a company that brokered mortgages for Defendant First Franklin. On May 25, 2006, Plaintiff consummated a consumer loan transaction with Defendant First Franklin at Plaintiff's home.

On June 18, 2007, Defendant Deutsche Bank, a transferee of the mortgage, obtained a default judgment in foreclosure against Plaintiff in the Court of Common Pleas of Philadelphia County. Plaintiff did not appeal the default judgment, which is now final. After entry of the default judgment Plaintiff sent notices to Defendants purporting to rescind the mortgage due to the existence of material violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1635, and purporting to cancel the mortgage pursuant to Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. § 201-7. The default judgment was

1

subsequently "marked to the use of" Defendant Beltway Capital.

On November 25, 2008, Plaintiff filed a Complaint in the Court of Common Pleas of Philadelphia County.[1] The Complaint seeks rescission of the loan and damages pursuant to TILA, 15 U.S.C. §§ 1601 *et seq.* (Count I), and cancellation of the loan and damages pursuant to UTPCPL, 73 Pa. Cons. Stat. §§ 201-1 *et seq.* (Count II). On April 8, 2009, Defendant First Franklin filed a Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. (ECF No. 1.) On May 17, 2009, Plaintiff filed the instant Motion to Remand. (ECF No. 10.) Defendants Mortgage Electronic, Beltway Capital, Deutsche Bank, and First Franklin oppose remand. (ECF Nos. 16, 17, 19.) For the following reasons, we will grant Plaintiff's Motion to Remand.[2]

## II.  LEGAL STANDARD

Removal from state court is governed by 28 U.S.C. § 1441. Section 1441(a) states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." A United States district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. After a case is removed, the plaintiff may file a motion to remand based on a defect or lack of subject matter jurisdiction. *Id.* § 1447(c). Section 1441 is to be

---

[1] Defendants include Beltway Capital, Deutsche Bank National Trust Company, Mortgage Electronic Registration Systems, First Option Title Agency, Franklin Financial Corporation, and Assured Lending Corporation. Plaintiff alleges that Defendant Mortgage Electronic is a straw party and a nominee for its principal First Franklin, and that Defendant First Option is an agent for Defendants First Franklin, Deutsche Bank, Beltway Capital, and Assured Lending.

[2] Defendants First Franklin and Deutsche Bank also submitted separate motions to dismiss. (ECF Nos. 4, 12.) Since we have determined that remand is appropriate we will not address these motions.

strictly construed against removal. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "[T]he party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007).

## III. DISCUSSION

Defendants argue that removal is appropriate because the Court has federal question jurisdiction arising out of Plaintiff's TILA claim. *See* 28 U.S.C. § 1331. Defendants assert that we can hear Plaintiff's entire case, including her pendent state law claim.[3] Plaintiff raises two grounds for remand. Plaintiff argues that Defendants did not consent to removal. Plaintiff also argues that we lack subject matter jurisdiction under the *Rooker-Feldman* doctrine. We will address these arguments in turn.

### A. Consent to Removal

Plaintiff argues that Defendant Assured Lending did not sign or consent to Defendant First Franklin's Notice of Removal. Plaintiff maintains that this renders the removal petition fatally defective.

Section 1447(c) provides that a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." An "irregularity in removal of a case to federal court

---

[3] 28 U.S.C. §1441(c) provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

3

is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court." *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 614 (3d Cir. 2003) (citations omitted). It is well settled that the failure to obtain the consent of all Defendants for removal is not a jurisdictional defect and is therefore waivable. *See Balazik v. Cnty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995) ("Failure of all defendants to join is a 'defect in removal procedure' within the meaning of §1447(c), but is not deemed to be jurisdictional."); *Plevretes v. La Salle Univ.*, No. 07-5186, 2007 WL 4441220, at *2 (E.D. Pa. Dec. 19, 2007); *Miller v. Principal Life Ins. Co.*, 189 F. Supp. 2d 254, 258 n.4 (E.D. Pa. 2002) ("The failure of all defendants to consent to removal is a waivable defect and does not in any way deprive this court of subject matter jurisdiction."). Objections to non-jurisdictional defects may be waived if not raised "within 30 days after the filing of the notice of removal." *See* 28 U.S.C. § 1447(c); *see also Ariel Land Owners*, 351 F.3d at 614; *In re FMC Corp. Packaging Sys. Div.*, 208 F.3d 445, 451 (3d Cir. 2000).

Defendant First Franklin filed the Notice of Removal on April 8, 2009. Plaintiff did not file her Motion to Remand until May 17, 2009, thirty-nine days later. Since Plaintiff did not file the Motion to Remand within 30 days after the filing of the Notice of Removal, Plaintiff has waived the right to challenge procedural defects in the removal process. Failure of all Defendants to consent to removal is a procedural defect. Accordingly, Plaintiff has waived the right to raise this argument. Plaintiff's Motion to Remand based on Defendants' lack of consent will be denied.

### B. *Rooker-Feldman* Doctrine

Plaintiff argues that there is no subject matter jurisdiction under the *Rooker-Feldman*

4

doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Under *Rooker-Feldman*, "lower federal courts may not sit in direct review of the decisions of a state tribunal." *Gulla v. N. Strabane Twp.*, 146 F.3d 168, 171 (3d Cir. 1998).[4] *Rooker-Feldman* effectively prevents inferior courts from entertaining appellate review of state court judgments. *See, e.g.*, *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006); *In re Knapper*, 407 F.3d 573, 580 (3d Cir. 2005).

The Supreme Court has observed that the *Rooker-Feldman* doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).[5] Specifically, a claim is barred by *Rooker-Feldman* under two circumstances: (1) if the federal claim was actually litigated in state court prior to the filing of the federal action; or (2) if the federal claim is inextricably intertwined with the state adjudication. *In re Knapper*, 407 F.3d at 580. The Third Circuit has advised that a federal claim is inextricably intertwined with an issue adjudicated by a state court when: "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court

---

[4] The doctrine derives from 28 U.S.C. § 1257, which states in relevant part: "Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court . . . ."

[5] Parsing the language of *Exxon Mobil*, the Third Circuit concluded that there are four requirements for the *Rooker-Feldman* doctrine to apply: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010).

5

must take an action that would negate the state court's judgment." *Walker v. Horn*, 385 F.3d 321, 330 (3d Cir. 2004) (citations omitted). "In other words, *Rooker-Feldman* does not allow a plaintiff to seek relief that, if granted, would prevent a state court from enforcing its orders." *In re Knapper*, 407 F.3d at 581 (citations omitted).

In a recent opinion, the Third Circuit cautioned that the "phrase 'inextricably intertwined' does not create an additional legal test or expand the scope of *Rooker-Feldman* beyond challenges to state-court judgments." *Great W. Mining*, 615 F.3d at 170. Instead, when a "federal plaintiff brings a claim, whether or not raised in state court, that asserts injury caused by a state-court judgment and seeks review and reversal of that judgment, the federal claim is 'inextricably intertwined' with the state judgment." *Id.* In deciding whether a claim is inextricably intertwined, the federal court must determine "exactly what the state court held." *FOCUS v. Allegheny Cnty. Court of Common Pleas*, 75 F.3d 834, 840 (3d Cir. 1996) (citations omitted). The court must then articulate the federal relief sought by the plaintiff. If this relief "requires determining that the state court decision is wrong or would void the state court's ruling," then the issues are inextricably intertwined and the federal court lacks subject matter jurisdiction. *Laychock v. Wells Fargo Home Mortg.*, No. 07-4478, 2008 WL 2890962, at *2 (E.D. Pa. July 23, 2008) (quoting *FOCUS*, 75 F.3d at 840).

Plaintiff argues that the relief that she seeks, which includes rescission and monetary damages under TILA and UTPCPL, will necessarily render unenforceable and thus negate the state court default judgment in the mortgage foreclosure action. A number of cases in the Third Circuit have applied *Rooker-Feldman* to TILA and UTPCPL claims. *See, e.g.*, *Jacobowitz v. M & T Mortg. Corp.*, 372 F. App'x 225 (3d Cir. 2010); *In re Madera*, 586 F.3d 228 (3d Cir. 2009);

6

*Laychock*, 2008 WL 2890962; *In re Stuart*, 367 B.R. 541 (Bankr. E.D. Pa. 2007); *In re Cooley*, 365 B.R. 464 (Bankr. E.D. Pa. 2007); *In re Faust*, 353 B.R. 94 (Bankr. E.D. Pa. 2006). Generally, the defendants in these cases request that the court apply *Rooker-Feldman* in the context of a motion to dismiss or motion for summary judgment, arguing that the federal court lacks subject matter jurisdiction. In this case, it is Plaintiff who argues that we should apply *Rooker-Feldman* and grant her Motion to Remand. Notwithstanding this difference, the authorities cited govern the disposition of Plaintiff's Motion.

      1.     *TILA Claim (Count I)*

In Count I, Plaintiff seeks judicial enforcement of her rescission of the mortgage pursuant to 15 U.S.C. § 1635(a).[6] Plaintiff also seeks the return of her payments on the loan pursuant to § 1640(a)(1), and statutory damages, attorney's fees and costs pursuant to § 1640(a)(2)-(3). Plaintiff argues that she is permitted to rescind the loan because of material violations of TILA disclosure requirements. Specifically, Plaintiff alleges that the disclosure forms understated Plaintiff's finance charge and APR by more than the permissible tolerance.

Rescinding a loan has several implications. The security interest giving rise to the right of rescission becomes void. 12 C.F.R. § 226.23(d)(1). The consumer is not liable for any amount, including any finance charge. *Id.* Within 20 days after receipt of a rescission notice, the

---

[6] A consumer "shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction." 15 U.S.C. § 1635(a). In addition, the regulations implementing TILA provide: "If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first." 12 C.F.R. § 226.23(a)(3). "The term 'material disclosures' means the required disclosures of the annual percentage rate, the finance charge, the amount financed, the total of payments, the payment schedule, and the disclosures and limitations referred to in §§ 226.32(c) and (d) and 226.35(b)(2)." *Id.* § 226.23(a)(3) n.48.

7

creditor must return any money or property and must take any action necessary to reflect the termination of the security interest. *Id.* § 226.23(d)(2). A creditor who fails to comply with these procedures following receipt of a valid notice of rescission can be subject to a statutory civil penalty. *See* 15 U.S.C. § 1640(a) (imposing liability on "any creditor who fails to comply with any requirement imposed under this part, including any requirement under [§ 1635]"); § 1640(a)(3) (awarding costs and attorney's fees "in any action in which a person is determined to have a right of rescission").

Plaintiff's TILA claim was not raised or "actually litigated" in the state court action when Defendant Deutsche Bank obtained the default judgment against Plaintiff. *In re Knapper*, 407 F.3d at 580. Therefore, *Rooker-Feldman* will only bar Plaintiff's claim if it is inextricably intertwined with the default judgment.

We are satisfied that Plaintiff's claim for rescission would negate the default judgment in the state court foreclosure action and render it unenforceable. Clearly the claim is inextricably intertwined with the state court adjudication and as such we are precluded by *Rooker-Feldman* from addressing the claim. The great weight of authority supports this conclusion. *See, e.g.*, *Jacobowitz*, 372 F. App'x at 227 ("[A] favorable decision for the Jacobowitzes in the District Court would prevent the Court of Common Pleas from enforcing its order to foreclose the mortgage."); *In re Madera*, 586 F.3d at 232 ("[A] favorable decision for the Maderas in the federal courts would prevent the Court of Common Pleas from enforcing its order to foreclose the mortgage."); *Laychock*, 2008 WL 2890962, at *6 ("Laychock's claims requesting rescission are precluded because rescinding the mortgage would invalidate the state court's default mortgage foreclosure judgment."); *In re Stuart*, 367 B.R. at 550 ("[C]ourt lacks jurisdiction to

8

consider a claim to enforce TILA rescission rights if a judgment in foreclosure has been entered prior to exercising rescission rights under TILA."). Accordingly, we have no jurisdiction to enforce Plaintiff's claim for rescission.

In addition to rescission, Plaintiff's TILA claim seeks the return of payments on the loan, statutory damages, attorney's fees and costs. Courts in this Circuit have consistently held that "claims for recession [sic] or other relief calling a Debtor's mortgage itself into question may not proceed pursuant to *Rooker-Feldman*, but claims for damages may go forward following a state court foreclosure judgment." *In re Reagoso*, No. 06-12961, 2007 WL 1655376, at *2 (Bankr. E.D. Pa. June 6, 2007) (citing cases); *see also Jacobowitz*, 372 F. App'x at 227-28 (distinguishing between claims for rescission and damages); *Laychock*, 2008 WL 2890962, at *6 ("*Rooker-Feldman* precludes her TILA, HOEPA, and RESPA claims to the extent they request rescission, but it does not preclude these claims to the extent they request monetary damages."); *In re Stuart*, 367 B.R. at 553 ("To the extent that Homecomings and Decision One contend that *Rooker-Feldman* bars the Plaintiff's TILA damages claim for the failure to rescind, I disagree.").

Plaintiff's TILA claim for monetary damages is not inextricably intertwined with the state foreclosure judgment. The imposition of such damages would not impair Defendants' rights under the foreclosure judgment. *See In re Stuart*, 367 B.R. at 553. The state-court judgment supports the mortgage's validity and confers upon Defendants the right to foreclose on Plaintiff's property. A finding that Plaintiff is entitled to damages for TILA violations does not require a finding that the state court was wrong in entering the default judgment. *See Laychock*, 2008 WL 2890962, at *6. Accordingly, we have jurisdiction to hear claims for damages arising out of a TILA violation.

9

Notwithstanding the fact that we have jurisdiction, we will abstain from hearing Plaintiff's damages claim. As mentioned above, federal courts generally apply *Rooker-Feldman* to motions to dismiss or motions for summary judgment, concluding that the court lacks subject matter jurisdiction to hear the plaintiff's TILA rescission claim. *See, e.g.*, *Jacobowitz*, 372 F. App'x at 227; *In re Madera*, 586 F.3d at 232; *Laychock*, 2008 WL 2890962, at *1. Courts then proceed to address the Plaintiff's monetary damages claims, which are frequently time-barred. *See Jacobowitz*, 372 F. App'x at 228; *Laychock*, 2008 WL 2890962, at *6.[7] Here Plaintiff rather than Defendants has invoked *Rooker-Feldman* in her Motion to Remand. If we split the cause of action based on Plaintiff's requested relief, the state court would decide Plaintiff's rescission claim and we would decide Plaintiff's relatively small damages claims for failure to rescind and for improper disclosures.[8] As a matter of judicial economy, such piecemeal litigation is not favored. In addressing this *Rooker-Feldman* oddity, a bankruptcy judge wrote:

> [A] possible by-product of the *Rooker-Feldman* doctrine is the splitting of a plaintiff's cause of action between different courts due to the different remedies made available by a particular cause of action. In the TILA rescission context in this case, I conclude that TILA claims should not be split—the statutory damages claim arising from the creditors' allegedly wrongful failure to rescind should be decided by the same court which determines the validity of the subject mortgage and the amount owed by the Plaintiffs. Therefore, notwithstanding the existence of jurisdiction, in the exercise of my discretion, in the interest of justice, and in the interest of comity with the state courts, I will abstain from hearing the Plaintiff's claim for TILA damages.

---

[7] Claims for damages must be brought within one year of the occurrence of the violation, unless they are asserted as a defense in an action to collect a debt. 15 U.S.C. § 1640(e).

[8] The Complaint seeks statutory damages of $2,000 against Defendants for failure to provide proper TILA disclosures and $2,000 against Defendants for failure to rescind the loan within 20 days of Plaintiff's request for rescission. (Compl. ¶ 95(e)-(f).)

10

*In re Stuart*, 367 B.R. at 554 (citing 28 U.S.C. § 1334(c)(1)).[9] We find this reasoning compelling. Rather than split Plaintiff's cause of action between the state and federal courts, we conclude that a comprehensive adjudication of her claims for rescission and damages in state court is more appropriate. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) (considering principles of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation") (citations omitted); *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) (finding that abstention may be raised by the court *sua sponte*).

      2.      *UTPCPL Claim (Count II)*

Plaintiff argues that Defendants engaged in fraudulent and deceptive mortgage practices in violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. §§ 201-1 *et seq.* As with her TILA claim, Plaintiff seeks cancellation of the loan and damages. We will decline to exercise supplemental jurisdiction over Plaintiff's state law claim. 28 U.S.C. § 1367(c)(3);[10] *Jacobowitz*, 372 F. App'x at 228-29

---

[9] Section 1334(c)(1), which governs bankruptcy cases and proceedings, provides:

Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.


[10] Section 1367(c) provides that the district courts may decline to exercise supplemental jurisdiction over a claim if:
    1) the claim raises a novel or complex issue of State law,
    2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
    3) the district court has dismissed all claims over which it has original jurisdiction, or

(refusing to exercise supplemental jurisdiction over UTPCPL claim after dismissing TILA claim); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) ("[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."). As noted above, we will remand Plaintiff's TILA claims to state court and we will not exercise our supplemental jurisdiction.

## IV. CONCLUSION

For all of these reasons, we will grant Plaintiff's Motion to Remand.

An appropriate Order follows.

BY THE COURT:

_____
**R. BARCLAY SURRICK, J.**

---

4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.